UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---

| | | |
|---|---|---|
| **Bridgette Saxon** | : | Docket No. 2:22-cv-04639 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Judge |
| | : | |
| | : | |
| **Lighthouse Excalibur Insurance Company,** | : | Magistrate Judge |
| | : | |
| | : | |
| **Defendant.** | : | |

---

### COMPLAINT FOR BREACH OF CONTRACT, BREACH OF LA RS 22:1892 and LA RS 22:1973 AND DAMAGES

NOW COMES Bridgette Saxon, Plaintiff, who, through undersigned counsel, respectfully represents that:

### PARTIES

1. Made Plaintiff herein is Bridgette Saxon, an individual owning property and residing at 68347 Hwy 1054 Kentwood, LA 70444 and domiciled in Louisiana.

2. Made Defendant herein is Lighthouse Excalibur Insurance Company (hereinafter "Lighthouse"), incorporated under the laws of Florida, with a principal place of business at 4224 Henderson Blvd Tampa, FL 33629. Lighthouse is a foreign insurance company authorized to do business and issue policies in the state of Louisiana. Lighthouse may be served with process at its registered agent for service of process, the Louisiana Secretary of State located at 8585 Archives Ave. Baton Rouge, LA 70809.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court over this action is invoked pursuant 28 U.S.C. § 2201 as well as 28 U.S.C. §1332(a)(1), as there is complete diversity of citizenship between Plaintiff and Defendant.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000). The amount in controversy in a declaratory judgment action is determined by the object of the litigation. The object of this declaratory judgment will determine whether Plaintiff's covered policy losses are covered under Defendant's policy.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and/or a substantial part of property that is the subject of the action is situated here.

6. This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Louisiana and this judicial district. Upon information and belief, Defendant's business activities include, among other things, executing contracts of insurance with various Louisiana based entities and individuals.

7. This Court has subject matter jurisdiction because an actual case or controversy exists between the parties, as is evidenced by the facts and circumstances described herein. Plaintiff is, therefore, entitled to bring this action in this Court.

## FACTUAL BACKGROUND

8. Plaintiff contracted with Lighthouse to insure the property located at 68347 Hwy 1054 Kentwood, LA 70444 (hereinafter "insured premises").

9. The insured premises is a residential single-family home.

10. The insured premises is covered under a policy issued by Lighthouse with policy number believed to be Policy Number 1001016469 (hereinafter, "the policy"). The policy was in full effect during the date of loss at issue of August 29, 2021. Lighthouse assessed the risk and provided Replacement Cost Value coverage following their evaluation of the property.

11. Plaintiff paid all premiums associated with the policy when due in a timely manner and without delay.

12. Plaintiff entered into the contract of insurance with the reasonable expectation that in return for the payment of the premium, Lighthouse would abide by the terms of their policy and promptly pay for any covered losses that may occur.

**Hurricane Ida**

13. On August 29, 2021, while the policy was in full force and effect, the insured premises sustained significant damages resulting from Hurricane Ida, a major category four hurricane, around 12:00 p.m. when Hurricane Ida made a catastrophic landfall near Port Fourchon, Louisiana.

14. Devastating winds and rain lasted for several hours as the hurricane passed over Kentwood.

15. Hurricane Ida resulted in extensive damage to Kentwood, including shredding the power grid and numerous structures.

16. As a result of Hurricane Ida, Plaintiff's property suffered extensive damage to its structure, which caused significant water damage throughout the insured premises.

17. Plaintiff provided timely and proper notice to Lighthouse of the loss.

18. In compliance with the policy, Plaintiff began mitigating the loss as soon as possible.

19. Plaintiff is entitled to recover all benefits due under the policy resulting from the hurricane to the insured premises, including, but not limited to, the structural loss, recoverable depreciation, loss of use, extra expense, and personal property.

20. On or about September 13, 2021, two weeks after the storm, a representative of Lighthouse, arranged for an inspection of the insured premises. At this time, Lighthouse's field adjuster was given full access to inspect the insured premises. During this inspection, the extensive damage to the insured premises was visible and obvious.

21. Lighthouse issued an estimate following the inspection that grossly undervalued the true cost of repairing Plaintiff's property.

22. In compliance with her duties, Plaintiff has cooperated with Lighthouse and their consultants, making the property fully and completely available for the viewing of the physical loss evidence.

23. Lighthouse and their consultants knew or should have known that undisputed amounts of a claim must be disbursed and cannot be delayed because other portions of the claim have not been decided.

24. Despite being aware of the critical damage to the structure and undisputed existence of damage, Lighthouse grossly underpaid the claim and refused to pay anywhere near enough to properly remediate and repair the insured premises.

25. Lighthouse's initial inspections after Hurricane Ida provided satisfactory proof of loss in so far as it clearly demonstrated the extent of the loss to allow Lighthouse to make a determination on the loss.

26. Despite Lighthouse's failure to timely pay the evidenced loss, Plaintiff has continued to work with Lighthouse and their consultants to ensure compliance with their duties under the policy. This cooperation in no way waives Lighthouse's duties under the law.

27. Lighthouse was clearly aware of the increasing liability to Plaintiff and damage to the property the longer the claim was delayed. Nevertheless, Lighthouse continued to unreasonably undervalue the claim, placing the Plaintiff's property at risk.

28. Louisiana law provides claims handling timelines that are strictly construed under Louisiana law.

29. Under La. Stat. Ann. §22:1892(A)(1), insurers must pay the amount of any claim due to any insured within thirty (30) days after receipt of satisfactory proof of loss from the insured or any party in interest. Under La. Stat. Ann. §22:1892(A)(4), all insurers must make a written offer to settle any property damage claim, within thirty (30) days after receipt of satisfactory proof of loss of that claim.

30. The arbitrary, capricious, or without probable cause failure to comply with La. Stat. Ann. §22:1892(A)(1) and §22:1892(A)(4) subjects the insurer to a penalty, in addition to the amount of loss, of fifty percent on the amount found to be due from the insurer to the insured or $1,000, whichever is greater. If partial payment of tender is made, the penalty is fifty percent of the difference between the amount paid or tendered and the amount due. These penalties are in addition to reasonable attorney fees and costs. La. Stat. Ann. §22:1892(B)(1)

31. Under La. Stat. Ann. §22:1973(A), insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within sixty (60) days after satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or

without, probable cause is a breach of the insurer's affirmative duty. La. Stat. Ann. §22:1973(B)(5).

32. In addition to any general or specific damages to which the insured is entitled to, a breach of the 60-day timeline subjects the insurer to penalties in an amount not to exceed two (2) times the damages sustained or $5,000, whichever is greater. La. Stat. Ann. §22:1973(C).

33. An insurer has satisfactory proof of loss once it has sent an adjuster to inspect the property, even if the adjuster provides an incomplete report, because the insurance company had the opportunity to discover the extent of the damages.

34. The statutory timeline starts from the initial inspection and not from any final report by the insurer.

35. Despite being aware of the critical damage to the structure and undisputed existence of damage, Lighthouse did not provide sufficient payment on the claim over 30 days from its initial inspection.

36. Plaintiff's counsel sent a formal written demand to Lighthouse on May 26, 2022, outlining the damages Lighthouse missed and itemizing the full value of the loss.

37. However, Lighthouse only agreed to issue a miniscule extra payment nowhere near the value of the cost to repair the damages as outlined in Plaintiff's demand.

38. Lighthouse has unjustifiably failed and/or refused to perform their obligations under the policy and Louisiana law and have wrongfully or unfairly limited payment on Plaintiff's claim.

**CAUSES OF ACTION**

39. Each section below containing a cause of action fully incorporates all facts and allegations set forth in each section previously set forth herein.

## DECLARATORY JUDGMENT:
### TIMELINE VIOLATION OF LA. STAT. ANN. §22:1892 AND §22:1973

40. Insurers have the duty to initiate loss adjustment of a property damage claim within thirty (30) days after the notification of loss by a claimant, which may be extended by the Insurance Commissioner in the aftermath of catastrophic damage. La. Stat. Ann. §22:1892(A)(3)

41. The Louisiana Insurance Commissioner's Emergency Rule 47 extended the initiation of loss adjustment timeline for Hurricane Ida claims under La. Stat. Ann. §22:1892(A)(3) to sixty days (60) days from claimant's notice.

42. However, Emergency Rule 47 duly notes that "insurers must continue to provide timely service to their insured claimants by promptly acknowledging receipt of claims and making appropriate assignments for the adjustment of claims."

43. Emergency Rule 47 does not alter any other timeline under La. Stat. Ann. §22:1892 other than 14-day initiation of loss adjustment time delineated under La. Stat. Ann. §22:1892(A)(3) specifically.

44. Lighthouse received no further time extensions by either a government entity or Plaintiff.

45. Lighthouse's duty to meet all other claims handling timelines after the initiation of their loss adjustment remained in effect

46. Louisiana law provides claims handling timelines strictly construed under Louisiana law.

47. Under La. Stat. Ann. §22:1892(A)(1), insurers must pay the amount of any claim due to any insured within thirty (30) days after receipt of satisfactory proof of loss from the insured or any party in interest.

48. Under La. Stat. Ann. §22:1892(A)(4), all insurers must make a written offer to settle any property damage claim, within thirty (30) days after receipt of satisfactory proof of loss of that claim.

49. The arbitrary, capricious, or without probable cause failure to comply with La. Stat. Ann. §22:1892(A)(1) and §22:1892(A)(4) subjects the insurer to a penalty, in addition to the amount of loss, of fifty percent on the amount found to be due from the insurer to the insured or $1,000, whichever is greater. If partial payment of tender is made, the penalty is fifty percent of the difference between the amount paid or tendered and the amount due. These penalties are in addition to reasonable attorney fees and costs. La. Stat. Ann. §22:1892(B)(1).

50. Under La. Stat. Ann. §22:1973(A), insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within sixty (60) days after satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without, probable cause is a breach of the insurer's affirmative duty. La. Stat. Ann. §22:1973(B)(5).

51. In addition to any general or specific damages to which the insured is entitled to, a breach of the 60-day timeline subjects the insurer to penalties in an amount not to exceed two (2) times the damages sustained or $5,000, whichever is greater. La. Stat. Ann. §22:1973(C).

52. An insurer has satisfactory proof of loss once it has sent an adjuster to inspect the property, even if the adjuster provides an incomplete report, because the insurance company had the opportunity to discover the extent of the damages.

53. The statutory timeline starts from the initial inspection and not from any final report by the insurer.

54. Plaintiff is seeking a Declaratory Judgment confirming that Lighthouse has an obligation to comply with the 30-day and 60-day statutory timelines under La. Stat. Ann. §22:1892 and §22:1973, in so far that the insurer must tender undisputed payments on a claim within the statutory time after receiving satisfactory proof of loss.

55. Plaintiff is seeking Declaratory Judgement confirming that Lighthouse's thirty- and sixty-day timelines under La. Stat. Ann. §22:1892 and §22:1973 began to run upon the inspection of the property on September 13, 2021 or, alternatively, when Plaintiff's counsel sent a formal written demand with supporting documentation to Lighthouse on May 26, 2022.

## BREACHES OF CONTRACT

56. Lighthouse breached the terms of the policy when it unjustifiably failed and/or refused to perform its obligations in accordance with its policy and Louisiana law by failing to pay for all benefits due to Plaintiff for the August 29, 2021 claim.

57. These breaches of the insurance contract were and are the direct and proximate cause of damage to Plaintiff for the repair of Plaintiff's insured property with like kind and quality material as existed at the time the losses occurred.

58. By virtue of the breach of contract, Lighthouse is liable to, and owes Plaintiff for, the actual damages sustained as a foreseeable and direct result of the breach and all other damages Plaintiff may prove as allowed by the law.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

59. Lighthouse received satisfactory proof of the loss indicating the insurance benefits due to Plaintiff but failed to timely investigate and settle the loss. Failure to make such payment within thirty days was arbitrary, capricious, and without probable cause, subjecting Lighthouse to a penalty, in addition to the amount of the loss, of 50% of damages on the amount found to be due

from the insurer to the insured, as well as reasonable attorney's fees and costs pursuant to La. Stat. Ann. §22:1892.

60. In addition, Lighthouse owed Plaintiff an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle such claims but breached that affirmative duty by failing to pay the amount due on each claim within thirty days of receiving satisfactory proof of loss by acting in an arbitrary, capricious, and without probable cause manner, subjecting Lighthouse to a penalty of two times the amount of damages sustained, or $5,000, whichever is greater, pursuant to La. Stat. Ann. §22:1973.

## DAMAGES

61. As a result of the actions of Lighthouse, Plaintiff has suffered the following nonexclusive list of damages:

   a. Repair and remediation expenses;

   b. Loss of use;

   c. Mental anguish;

   d. Expenses to replace personal property;

   e. Diminution in value of property;

   f. Consequential damages;

   g. Penalties pursuant to Louisiana law;

   h. Attorney's fees;

   i. Costs of this litigation; and

   j. All other losses which will be proven through discovery or at the trial of this matter.

**JURY DEMAND**

62.     Plaintiff prays for damages as are reasonable in the premises, and affirmatively asserts that the damages sought herein exceed the minimum limits for a trial by jury pursuant to Louisiana law.

63.     Plaintiff requests a trial by jury on all issues so triable by a jury in this matter and reserve the right to supplement and amend this Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff herein, Bridgette Saxon, prays that this complaint be filed into the record, that Defendant, Lighthouse Excalibur Insurance Company, be cited to appear and answer same, that a jury trial be had, and after due proceedings, there be judgment rendered in favor of Plaintiff, Bridgette Saxon, and against Defendant, Lighthouse Excalibur Insurance Company, for all damages as are reasonable in the premises, for all costs incurred in this matter, along with legal interest from the date of judicial demand until paid, all statutory penalties and attorney's fees, and all general and equitable relief available. Further, Plaintiff, Bridgette Saxon, prays that there be a judgment rendered in favor of Plaintiff and against Defendant, Lighthouse, declaring that in their transaction of insurance Lighthouse have an obligation to comply with the statutory timelines under La. Stat. Ann. §22:1892 and §22:1973, which began to run upon the inspection of the property on September 13, 2021 or, alternatively, when Plaintiff's counsel sent a formal written demand to Lighthouse on May 26, 2022.

Respectfully Submitted,

*/s/ Charles K. Cicero, III*
Charles K. Cicero, III (38237)
Potts Law Firm, LLP
650 Poydras Street, Suite 1400
New Orleans, LA 70130
Tel: 504-681-9778
Fax: 713-583-5388
ccicero@potts-law.com
*Attorney for Plaintiff*